```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TRACEY MILLER, SR.,<br><br>      Plaintiff,<br><br>  v.<br><br>WATERFORD TOWNSHIP, et al.,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-3405<br>        (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICE OF CHARLES A. FIORE
By:  Charles A. Fiore, Esq.
34 S. Main Street
P.O. Box 525
Williamstown, NJ 08094
    Counsel for Plaintiff

BARKER, SCOTT, GELFAND & JAMES
By:  Todd J. Gelfand, Esq.
1939 Route 70 East, Suite 100
Cherry Hill, NJ 08003
    Counsel for Defendants Waterford Township, Chief of Police
    John W. Knoll, Detective Leonard F. Thackston, and Officer
    Brent Staiger

BLUMBERG & LINDNER, LLC
By:  Jay J. Blumberg, Esq.
158 Delaware Street
P.O. Box 68
Woodbury, NJ 08096
    Counsel for Defendants Borough of Chesilhurst and Officer
    Chris Francis

PARKER MCCAY, PC
By:  J. Brooks Didonato, Esq.
    John Charles Gillespie, Esq.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054-1539
    Counsel for Defendants Evesham Township and Officer Bernard
    Davis

1

POWELL, BIRCHMEIER & POWELL
By:  James Birchmeier, Esq.
1891 State Highway 50
P.O. Box 582
Tuckahoe, NJ 08250
    Counsel for Defendants Sgt. Joseph McNally, Sgt. Richard
    Passarella and Officer Timothy Lyons

**IRENAS**, Senior District Judge:

Plaintiff Tracey Miller initiated this action pursuant to 42 U.S.C. § 1983 against Waterford Township, the Borough of Chesilhurst, Evesham Township, and several of their police officers.[1]  Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights stemming from incidents of alleged harassment, unlawful arrest and excessive force.  Pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Chief of Police John W. Knoll ("Defendant Knoll"), Detective Leonard F. Thackston ("Defendant Thackston"), and Officer Brent Staiger ("Defendant Staiger").  In addition, Defendants Borough of Chesilhurst ("Chesilhurst") and Officer Chris Francis ("Officer Francis") have filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

**I.**

According to the Complaint, Plaintiff was involved in a highly contested divorce matter which also involved a domestic violence complaint.  (Compl. ¶ 18.)  Defendant Sergeant McNally

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

("Defendant McNally") of the Waterford Township Police Department was close friends with the father of Plaintiff's ex-wife, and the Complaint alleges that because of this "liberties were taken by various police officers in the Waterford Twp. Police Department against Plaintiff." (*Id.* ¶ 19.)  Plaintiff was allegedly "under surveillance" and officers "would frequently pass by his house, slow down as they approached his house and would stay there for several minutes in an attempt to harass and/or intimidate him." (*Id.* ¶ 19.)  The Complaint details specific incidents giving rise to the instant action.

On September 23, 2010, Defendant Thackston of the Waterford Police Department stopped Plaintiff for speeding and issued him a ticket for careless driving. (*Id.* ¶ 21.)  After departing, Defendant Thackston allegedly "gestured to the Plaintiff by signaling to him the middle finger." (*Id.* ¶ 21.)

On October 14, 2010, Plaintiff was stopped by Defendant Officer Timothy Lyons ("Defendant Lyons") of the Waterford Police Department for failure to come to a complete stop at an intersection. (*Id.* ¶ 22.)  Plaintiff was placed under arrest and issued summonses for various violations.[2]  (*Id.* ¶ 23.)

On October 18, 2010, Plaintiff had an encounter with Defendant McNally which ultimately resulted in Plaintiff being

---

[2] Plaintiff was convicted by the Waterford Township Municipal Court on the charges related to this incident. (Compl. ¶ 24.)  The conviction is presently on appeal. (*Id.*)

3

charged with various motor vehicle and criminal offenses.  (*Id.* ¶ 26.)  On this date, Plaintiff left his home in his vehicle with his minor daughter and drove past the home of his ex-wife, who lives on the same street.  (*Id.*)  While doing so, he took a photograph of Defendant McNally's police cruiser parked in her driveway.  (*Id.*)  After realizing "that he had forgotten something at his home," he returned home.  (*Id.* ¶ 27.)  As he passed the home of his ex-wife again, Defendant McNally pulled out ahead of him, only to pull over and let Plaintiff pass him.  (*Id.*)  Plaintiff then pulled off the roadway and parked in an abandoned parking lot.  (*Id.*)

    The Complaint avers what happened next.

> All of a sudden and without warning, the Defendant, Sergeant McNally, admitted that he made a u-turn after passing the Plaintiff and pulled his vehicle into the abandoned parking lot behind the Plaintiff's vehicle in an attempt to apparently have some sort of confrontation with Plaintiff.  At that time, Defendant, Sergeant McNally exited his vehicle and ran up to the vehicle being operated by Plaintiff with his gun drawn.  Plaintiff had his window down with the exception of approximately 3 inches.  He was instructed by Defendant, Sergeant McNally, to place his hands on the wheel and also to exit the vehicle.  The young SM telephoned her grandmother and indicated that she believed that Defendant, Sergeant McNally was going to kill the Plaintiff based upon the fact that he had a gun drawn and was yelling "I should have shot you when I had the fucking chance."  Plaintiff was in fear of his life and was also concerned that he was going to be shot and killed by the Defendant, Sergeant McNally, right in front of his minor daughter.

>      Therefore, he jumped out of the vehicle and
>      ran approximately 50 feet and fell to the
>      ground.

(*Id.* at 28.)  Plaintiff was then "placed under arrest, handcuffed and then pummeled by Defendant, Sergeant McNally and Defendant, Officer Davis, an off duty Evesham Township Police Officer, as well as other police officers of the Defendant, Waterford Township."  (*Id.* at 29.)

On April 9, 2011, Plaintiff was traveling to his home when a police cruiser pulled out behind him.  (*Id.* at 31.)  When Plaintiff arrived at his home, an altercation ensued during which Defendant Officer Lyons allegedly "violently slammed Plaintiff to the ground, jumped on his back and pounced his face into the ground."  (*Id.* at 32.)  Defendant McNally "smashed" Plaintiff's face into a pile of wood chips and continued to punch him.[3]  (*Id.* at 33.)

According to the Complaint, "[v]arious criminal charges have been filed and the Officers involved herein, are also currently under criminal investigation by the Camden County Prosecutor's Office as a result of the incidents outlined herein."  (*Id.* at 37.)  The Complaint further alleges that Defendant Chief John Knoll "was aware that the Defendants had previously been charged for harassing and assaulting other individuals and failed to take

---

[3]  The Complaint alleges that Plaintiff's father was also involved in the altercation.  (*Id.* at 36.)

corrective actions, punish and/or remove the Defendants from the official police duties." (*Id.* at 39.)

On June 13, 2011, Plaintiff filed his Complaint in this Court. On September 6, 2011, Defendants Knoll, Thackston, and Staiger filed a Motion to Dismiss. On September 26, 2011, Defendants Chesilhurst and Officer Francis filed a Motion for Judgment on the Pleadings.

## II.

### A.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal

allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

**B.**

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion for Judgment on the Pleadings is subject to the same standard of review as a Rule 12(b)(6) Motion to Dismiss. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004); *Collins v. F.B.I.*, 2011 WL 1624025, at *4 (D.N.J. April 28, 2011).

While there is some procedural irregularity in that Defendants Chesilhurst and Officer Francis have prematurely moved for Judgment on the Pleadings, the only Defendants to not have filed an answer are Defendants Staiger, Thackston and Knoll, which the Court will dismiss as parties to this action.  *See supra* section III, A.  Therefore, any procedural issue concerning the timing of Defendants Chesilhurst and Officer Francis' Motion for Judgment on the Pleadings is now moot.[4]

### III.

### A.

The Complaint asserts § 1983 claims as well as state law claims for violations of the New Jersey Civil Rights Act ("NJCRA"), negligence, false imprisonment, assault and battery, and false arrest against Defendants Staiger and Thackston.[5]  As against Defendant Knoll, Plaintiff asserts claims pursuant to §

---

[4] While all but one crossclaim have gone unanswered, the time for answering has expired.  *See* Fed. R. Civ. P. 12(a)(1)(B); Dkt Nos. 8, 9, 11, 15, 28.

[5] Section 1983 provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

1983 and negligent supervision and training.  The Defendants each move to dismiss the claims against them.

### 1.

Defendant Staiger moves to dismiss all claims because the Complaint makes no factual allegations against him.

While the Complaint recites elements of each cause of action against Defendant Staiger, it entirely fails to set forth factual averments explaining Defendant Staiger's personal involvement in the events giving rise to the instant action.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 129 S.Ct. at 1950.

While Plaintiff acknowledges that he did not include specific allegations against Defendant Staiger, he nevertheless argues that the claims should go forward because Defendant Staiger "had extensive knowledge of the actions taken against the Plaintiff by fellow officers and failed to act."  (Pl's Opp. at 2.)  Although not cited by Plaintiff, cases in the Third Circuit have found that a police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force.  *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).  However, liability under this rule only applies where "a constitutional violation such as an unprovoked beating takes place in [the officer's] presence" and there exists a "realistic and reasonable opportunity to intervene."  *Id.* at 650-51.

Plaintiff has failed to set forth any facts demonstrating a plausible § 1983 claim under this theory.

Thus, with respect to the federal and state law claims asserted against Defendant Staiger, Plaintiff has failed to comply with the pleading requirement of facial plausibility. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.")(internal quotations omitted). Accordingly, Defendant Staiger's Motion to Dismiss the claims against him will be granted.

## 2.

Defendant Thackston moves to dismiss the claims against him arguing that the Complaint fails to allege facts supporting plausible claims for violations of federal or state law. Specifically, Defendant Thackston argues that his act of stopping Plaintiff for speeding, issuing a careless driving ticket and allegedly signaling to Plaintiff with his middle finger are insufficient to sustain excessive force claims pursuant to § 1983 or the various state law causes of action asserted in the Complaint. The Court agrees.

To establish a claim under § 1983, "plaintiff[] must show that the defendant, under the color of state law, deprived [him] of a federal constitutional or statutory right." *Miller v.*

*Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).  The court must first determine "the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right."  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006)(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Here, Plaintiff alleges that his Fourth Amendment rights were violated by Defendant Thackston's use of excessive force.  (Compl. ¶ 60.)  However, the factual allegations do not support such a claim.  Stopping Plaintiff for speeding, issuing a ticket, and gesturing with the middle finger, viewed even in the light most favorable to Plaintiff, do not support a violation of Plaintiff's constitutional rights.  Moreover, these allegations are insufficient to support state law claims for negligence, false imprisonment, assault and battery, and false arrest.

Plaintiff argues that he should be permitted to pursue his claims because Defendant Thackston's actions are "indicative of what the Plaintiff alleges was the generally pervasive animus directed toward him by the local police."  (Pl's Opp. at 6.)  However, with respect to § 1983 claims, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  The allegations in the Complaint fail to establish a plausible claim that Defendant Thackston was personally involved

11

in the violation of Plaintiff's constitutional rights.

Because the Complaint fails to aver facts supporting plausible federal and state law claims against Defendant Thackston, his Motion to Dismiss will be granted.

### 3.

Defendant Knoll, Chief of Police of Waterford Township, moves to dismiss the § 1983 claims and the negligence claim asserted against him.  Defendant Knoll argues that the Complaint does not allege facts supporting such claims against him in his individual capacity, and that an official capacity suit is duplicative of the claims asserted against the proper Defendant, Waterford Township.

The Complaint appears to assert two theories of § 1983 liability against Defendant Knoll: a failure to train, and supervisory liability based on Defendant Knoll's alleged knowledge of and acquiescence in his subordinate officers' violations.

The Supreme Court has stated that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011).  To establish liability based on a failure to train, a plaintiff "must identify a failure to provide specific training

that has a causal nexus with [the] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005)(internal quotations and citation omitted).

To establish supervisory liability under § 1983, a plaintiff must establish that a supervisor "participated in violating the plaintiff's rights, or that he directed others to violate them, or that he, as the person in charge . . . , had knowledge of and acquiesced in his subordinates' violations." *Reedy v. Evanson*, 615 F.3d 197, 231 (3d Cir. 2010)(internal quotations and citation omitted). Here, Plaintiff claims that Defendant Knoll's "policies and customs encouraged the Defendant Officers to believe that they could violate the constitutional rights of Plaintiff with impunity and with the explicit or tacit approval" of Defendant Knoll. (Compl. ¶ 85.)

In evaluating the sufficiency of a complaint, the Third Circuit has instructed that courts undertake a multi-step process. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). After taking note of the elements of each claim, the court should identify conclusory allegations that are not entitled to the assumption of truth. *Id.* (quoting *Iqbal*, 129 S.Ct. at 1947, 1950). Then, the court should assume the truth of

13

the well-pleaded factual allegations and determine if they "plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).

Apart from reciting the elements of each claim, the only allegation referencing Defendant Knoll states: "The Defendant, Chief John W. Knoll, was aware that the Defendants had previously been charged for harassing and assaulting other individuals and failed to take corrective actions, punish and/or remove the Defendants from the official police duties." (Compl. ¶ 39.) This allegation is nothing more than a "naked assertion[] devoid of further factual enhancement," *Iqbal*, 129 S.Ct. at 1949, and therefore is insufficient to sustain any theory of liability against Defendant Knoll under federal or state law.

First, while the Complaint avers that Defendant Knoll "was aware that the Defendants had previously been charged for harassing and assaulting other individuals," it fails to specify the nature of such charges and fails to identify which Defendants had previously been so charged. While Defendant Knoll was Chief of the Waterford Township Police Department, the allegations of excessive force are made not only against Waterford Township officers, but also against officers from the Boro of Chesilhurst and Evesham Township. There are no allegations that the prior incidents concerned only Waterford Township officers, or that Defendant Knoll had the responsibility or authority to take

corrective actions with respect to the Chesilhurst or Evesham Township officers.

Plaintiff argues that claims against a police chief in a small town should be construed differently than those asserted against a director of larger organization such as the Attorney General of the United States of the Director of the Federal Bureau of Investigation. (Pl's Opp. at 5.)  There is no support for such an argument.  First, the Supreme Court has made clear that *respondeat superior* liability cannot serve as the basis of a claim for constitutional violations.  *Iqbal*, 129 S.Ct. at 1948.  Second, the Court will not infer facts about Defendant Knoll's knowledge and acquiescence based on facts that are not pled in the Complaint.

Second, the Complaint makes no factual allegations regarding the nature of the specific training that Defendant Knoll failed to provide or how such failure had a causal nexus with Plaintiff's injuries.  Moreover, the allegations in the Complaint--that Plaintiff was targeted because of Defendant McNally's personal animus stemming from his relationship with the father of Plaintiff's ex-wife--are inconsistent with a failure to train claim against Defendant Knoll.  In light of the specific factual allegations regarding Defendant McNally's personal animosity toward Plaintiff, any such failure to train claim seems implausible.

15

In short, the Complaint is devoid of factual allegations supporting the federal and state claims against Defendant Knoll. The only allegations concerning Defendant Knoll are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Accordingly, Defendant Knoll's Motion to Dismiss the claims against him will be granted.[6]

**B.**

Defendants Chesilhurst and Officer Francis argue that the Complaint fails to state claims against them because there are no factual allegations against either Defendant. The Court agrees. While the Complaint recites elements of each cause of action against Defendants Chesilhurst and Officer Francis, it entirely fails to set forth factual averments explaining any personal involvement in the events giving rise to the instant action.

Plaintiff concedes that "there is not specific mention of Officer Francis' actions" but argues that the Court should imply his presence at the incident which occurred on April 9, 2011.

---

[6] Plaintiff argues that "[e]ven if the court finds that there is insufficient grounds to maintain an action against Chief John Knoll under 42 U.S.C. § 1983, the court should permit the Plaintiff to continue to pursue the claims filed pursuant to the New Jersey Civil Rights Act." (Pl's Opp. at 5.) However, the Complaint does not assert a NJCRA claim against Defendant Knoll. Even if it did,"[t]his district has repeatedly interpreted NJCRA analogously to § 1983," see *Pettit v. New Jersey,* No. 09-3735, 2011 U.S. Dist. LEXIS 35452 at *3 (D.N.J. Mar. 30, 2011), and the applicable pleading standard for both claims is governed by federal law, which the Complaint plainly fails to meet.

(Pl's Opp. at 3.)  This Court will not imply facts that Plaintiff has not pled.

Thus, with respect to the federal and state law claims asserted against Defendants Chesilhurst and Officer Francis, Plaintiff has failed to comply with the pleading requirement of facial plausibility.[7]  Accordingly, Defendants Chesilhurst and Officer Francis' Motion for Judgment on the Pleadings will be granted.

**IV.**

For the reasons stated above, Defendants Staiger, Thackston and Knoll's Motion to Dismiss the claims against them will be

---

[7] Defendants Chesilhurst and Officer Francis also argue that the negligence claims against them are barred by Plaintiff's failure to file a notice of tort claim as required by N.J.S.A. 59:8-1.  Under the New Jersey Tort Claims Act ("TCA"), before asserting a tort claim against a public entity or a public employee, a party must file a notice of claim within ninety days of the accrual of the claim.  N.J.S.A. 59:8-8.  If no notice if filed, the party is barred from recovery.  *Id.*; *see also Velez v. City of Jersey City*, 180 N.J. 284, 296 (2004)(notice must be given only to the governmental entity but failure to provide notice also bars claims against employees).

Plaintiff argues that this Court may permit the claims to proceed if he files a motion to file a late tort claim.  (Pl's Opp. at 4.)  It is true that upon a motion by the plaintiff supported by affidavits, the court has discretion to allow a late filing of a notice of claim if made within one year of the claim accrual date provided that (1) plaintiff demonstrate "extraordinary circumstances" for his failure to meet the 90-day filing requirement and (2) that defendants are not "substantially prejudiced thereby."  N.J.S.A. § 59:8-9.  However, Plaintiff has not met these requirements.  Accordingly, Plaintiff's negligence claims against Defendants Chesilhurst and Officer Francis are barred by Plaintiff's failure to comply with the TCA's notice requirements.

granted without prejudice.  Defendants Chesilhurst and Officer Francis' Motion for Judgment on the Pleadings will also be granted without prejudice.  Plaintiff will be granted leave to file a motion to amend the Complaint within 30 days of this Opinion.  See *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile.").  An appropriate Order accompanies this Opinion.

Dated: November 14, 2011

                                        s/Joseph E. Irenas
                                   **JOSEPH E. IRENAS, S.U.S.D.J.**