```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TRACEY MILLER, SR.,<br><br>        Plaintiff,<br><br>    v.<br><br>WATERFORD TOWNSHIP, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-3405<br>          (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICE OF CHARLES A. FIORE
By:  Charles A. Fiore, Esq.
34 S. Main Street
P.O. Box 525
Williamstown, NJ 08094
    Counsel for Plaintiff

BARKER, SCOTT, GELFAND & JAMES
By:  Todd J. Gelfand, Esq.
1939 Route 70 East, Suite 100
Cherry Hill, NJ 08003
    Counsel for Defendants Waterford Township, Chief of Police
    John W. Knoll, Detective Leonard F. Thackston, and Officer
    Brent Staiger

BLUMBERG & LINDNER, LLC
By:  Jay J. Blumberg, Esq.
158 Delaware Street
P.O. Box 68
Woodbury, NJ 08096
    Counsel for Defendants Borough of Chesilhurst and Officer
    Chris Francis

PARKER MCCAY, PC
By:  J. Brooks Didonato, Esq.
     John Charles Gillespie, Esq.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054-1539
    Counsel for Defendants Evesham Township and Officer Bernard
    Davis

1

POWELL, BIRCHMEIER & POWELL
By:  James Birchmeier, Esq.
1891 State Highway 50
P.O. Box 582
Tuckahoe, NJ 08250
    Counsel for Defendants Sgt. Joseph McNally, Sgt. Richard
    Passarella and Officer Timothy Lyons

**IRENAS**, Senior District Judge:

Plaintiff Tracey Miller initiated this action pursuant to 42 U.S.C. § 1983 against several municipalities and some of their police officers.[1]  Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights stemming from incidents of alleged harassment, unlawful arrest and excessive force.  Pending before the Court is Defendant Sergeant Richard Passarella's ("Passarella") Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## I.

According to the Complaint, Plaintiff was involved in a highly contested divorce matter which also involved a domestic violence complaint.  (Compl. ¶ 18.)  Defendant Sergeant McNally ("Defendant McNally") of the Waterford Township Police Department was close friends with the father of Plaintiff's ex-wife, and the Complaint alleges that because of this "liberties were taken by various police officers in the Waterford Twp. Police Department against Plaintiff."  (*Id.* ¶ 19.)  Plaintiff was allegedly "under

---

[1]  The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

surveillance" and officers "would frequently pass by his house, slow down as they approached his house and would stay there for several minutes in an attempt to harass and/or intimidate him." (*Id.* ¶ 19.)  The Complaint details specific incidents giving rise to the instant action.

On October 14, 2010, Plaintiff was stopped by Defendant Officer Timothy Lyons ("Defendant Lyons") of the Waterford Police Department for failure to come to a complete stop at an intersection.  (*Id.* ¶ 22.)  Plaintiff was placed under arrest and issued summonses for various violations.[2]  (*Id.* ¶ 23.)

On October 18, 2010, Plaintiff had an encounter with Defendant McNally which ultimately resulted in Plaintiff being charged with various motor vehicle and criminal offenses.  (*Id.* ¶ 26.)  On this date, Plaintiff left his home in his vehicle with his minor daughter and drove past the home of his ex-wife, who lives on the same street.  (*Id.*)  While doing so, he took a photograph of Defendant McNally's police cruiser parked in her driveway.  (*Id.*)  After realizing "that he had forgotten something at his home," he returned home.  (*Id.* ¶ 27.)  As he passed the home of his ex-wife again, Defendant McNally pulled out ahead of him, only to pull over and let Plaintiff pass him. (*Id.*)  Plaintiff then pulled off the roadway and parked in an

---

[2] Plaintiff was convicted by the Waterford Township Municipal Court on the charges related to this incident.  (Compl. ¶ 24.)  The conviction is presently on appeal.  (*Id.*)

abandoned parking lot.  (*Id.*)

The Complaint avers what happened next.

> All of a sudden and without warning, the Defendant, Sergeant McNally, admitted that he made a u-turn after passing the Plaintiff and pulled his vehicle into the abandoned parking lot behind the Plaintiff's vehicle in an attempt to apparently have some sort of confrontation with Plaintiff.  At that time, Defendant, Sergeant McNally exited his vehicle and ran up to the vehicle being operated by Plaintiff with his gun drawn.  Plaintiff had his window down with the exception of approximately 3 inches.  He was instructed by Defendant, Sergeant McNally, to place his hands on the wheel and also to exit the vehicle.  The young SM telephoned her grandmother and indicated that she believed that Defendant, Sergeant McNally was going to kill the Plaintiff based upon the fact that he had a gun drawn and was yelling "I should have shot you when I had the fucking chance."  Plaintiff was in fear of his life and was also concerned that he was going to be shot and killed by the Defendant, Sergeant McNally, right in front of his minor daughter.  Therefore, he jumped out of the vehicle and ran approximately 50 feet and fell to the ground.

(*Id.* at 28.)  Plaintiff was then "placed under arrest, handcuffed and then pummeled by Defendant, Sergeant McNally and Defendant, Officer Davis, an off duty Evesham Township Police Officer, as well as other police officers of the Defendant, Waterford Township."  (*Id.* at 29.)

On April 9, 2011, Plaintiff was traveling to his home when a police cruiser pulled out behind him.  (*Id.* at 31.)  When Plaintiff arrived at his home, an altercation ensued during which

4

Defendant Officer Lyons allegedly "violently slammed Plaintiff to the ground, jumped on his back and pounced his face into the ground." (*Id.* at 32.) Defendant McNally "smashed" Plaintiff's face into a pile of wood chips and continued to punch him.[3] (*Id.* at 33.)

According to the Complaint, "[v]arious criminal charges have been filed and the Officers involved herein, are also currently under criminal investigation by the Camden County Prosecutor's Office as a result of the incidents outlined herein." (*Id.* at 37.)

On June 13, 2011, Plaintiff filed his Complaint in this Court. On November 14, 2011, this Court granted a Motion to Dismiss filed by Defendants Staiger, Thackson and Knoll and terminated them as parties to this action. In addition, the Court also granted the Motion for Judgment on the Pleadings filed by Defendants Borough of Chesilhurst and Officer Francis and terminated them as parties to this action. On November 21, 2011, Defendant Passarella filed the instant Motion for Judgment on the Pleadings.

**II.**

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move

---

[3] The Complaint alleges that Plaintiff's father was also involved in the altercation. (*Id.* at 36.)

for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion for Judgment on the Pleadings is subject to the same standard of review as a Rule 12(b)(6) Motion to Dismiss. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004); *Collins v. F.B.I.*, 2011 WL 1624025, at *4 (D.N.J. April 28, 2011).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.

Against Defendant Passarella, the Complaint asserts claims for violations of Plaintiff's federal and state civil rights, and state law claims for assault and battery, false arrest, false imprisonment, and negligence. Defendant Passarella moves to dismiss all claims arguing that the Complaint makes no factual allegations against him.

While the Complaint recites elements of each cause of action against Defendant Passarella, it entirely fails to set forth factual averments explaining Defendant Passarella's personal involvement in the events giving rise to the instant action. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950.

While Plaintiff acknowledges that he did not include specific allegations against Defendant Passarella, he argues that "the Sergeant was in a supervisory capacity and may have been present when several of the incidents occurred." (Pl's Opp. at 2.) However, without specific allegations regarding Defendant Passarella's individual involvement in or knowledge of the incidents giving rise to the instant action, Plaintiff's

7

assertion that he "may have been present" is inadequate.

Thus, with respect to the federal and state law claims asserted against Defendant Passarella, Plaintiff has failed to comply with the pleading requirement of facial plausibility. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.")(internal quotations omitted). Accordingly, Defendant Passarella's Motion will be granted.

**IV.**

For the reasons stated above, Defendant Passarella's Motion for Judgment on the Pleadings will be granted without prejudice. Plaintiff will be granted leave to file a motion to amend the Complaint within 30 days of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile."). An appropriate Order accompanies this Opinion.

Dated: December  19  , 2011

                                    s/Joseph E. Irenas
                              **JOSEPH E. IRENAS, S.U.S.D.J.**